O

# United States District Court
# Central District of California

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, Plaintiff, v. SEARS HOLDINGS CORPORATION; SEARS ROEBUCK AND CO.; SEARS BRANDS, LLC; DOES 1–10, inclusive, Defendants. | Lead Case CV 14-02649-ODW(CWx) ALL CASES <br><br> **ORDER SETTING UNIFIED SCHEDULING CONFERENCE** |

On July 3, 2014, the Court consolidated the *Deckers* Cases, finding that they are related within the meaning of General Order 08-05, section 5, and Local Rule 83-1.3. (ECF No. 29.) In order to efficiently manage these related cases, the Court **SETS** a unified scheduling conference in all actions for **Monday, September 22, 2014 at 1:30 pm**—the same date currently set for a scheduling conference in 2:14-cv-02577. The Court accordingly **CONTINUES** the scheduling conferences already set in 2:14-cv-02561 and 2:14-cv-02649 to that date.

The Court understands that Defendant J.C. Penney Company Inc. has not yet answered the recently filed First Amended Complaint in 2:14-cv-02565. J.C. Penney Company is therefore not required to attend the scheduling conference or participate in Rule 26(f) discussions unless it answers the First Amended Complaint before the

unified scheduling conference.  Even if J.C. Penney Company does not answer by that date, it may specially appear at the scheduling conference and otherwise provide its input into the unified schedule without waiving any Rule 12 defenses.

In anticipation of the unified scheduling conference, the Court **ORDERS** Plaintiff and all parties who have answered in the *Deckers* Cases to participate in joint Rule 26(f) discussions, preferably in person.  The parties shall submit a Rule 26(f) report just like any other scheduling conference and file it in the master case file.  But the report should include one set of dates that will govern all of the related actions.  If one party disagrees with the others, that party may include its own position in the report.  The parties shall file the joint report no later than seven days before the scheduling conference.

The Court is especially interested in whether the parties believe that claim construction briefing is necessary.  If so, the parties should also discuss whether they want to stay all but claim-construction discovery pending the Court's claim construction.  The parties may also include any other scheduling devices that could streamline discovery and minimize the need for duplicative motion practice.

**IT IS SO ORDERED.**

July 9, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**